**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WILLIAM T. HAMPTON, individually
and on behalf of all others similarly
situated,

*Plaintiff-Appellant*,

v.

PACIFIC INVESTMENT MANAGEMENT
COMPANY LLC; PIMCO FUNDS; E.
PHILIP CANNON; J. MICHAEL HAGAN;
BRENT R. HARRIS; DOUGLAS M.
HODGE; RONALD C. PARKER; VERN
O. CURTIS; WILLIAM J. POPEJOY,

*Defendants-Appellees.*

No. 15-56841

D.C. No.
8:15-cv-00131-
CJC-JCG

OPINION

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted June 7, 2017
Pasadena, California

Filed August 24, 2017

Before:  Sidney R. Thomas, Chief Judge, Stephen Reinhardt, Circuit Judge, and Edward R. Korman,[*] District Judge.

Opinion by Judge Korman

## SUMMARY[**]

### Securities

The panel affirmed in part and vacated in part the district court's judgment dismissing state law claims as barred by the Securities Litigation Uniform Standards Act.

SLUSA bars private class actions based on state law in cases where the plaintiff alleges a material falsehood or omission connected to the purchase or sale of federally-regulated securities.  In a separately-filed memorandum disposition, the panel affirmed the district court's holding that the class-action claims in this case were barred by SLUSA.  In its opinion, agreeing with the Third Circuit, the panel held that dismissals pursuant to SLUSA's class-action bar must be for lack of subject-matter jurisdiction, and therefore without prejudice, rather than on the merits.

The panel affirmed the district court's judgment to the extent it concluded that the plaintiff's claims were barred,

---

[*] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

vacated the judgment to the extent it dismissed the claims with prejudice, and remanded for further proceedings.

## COUNSEL

Nicholas I. Porritt (argued) and Adam M. Apton, Levi & Korsinsky LLP, Washington, D.C.; Jeff S. Westerman, Westerman Law Corp., Los Angeles, California; for Plaintiff-Appellant.

Matthew L. Larrabee (argued) and Joshua D.N. Hess, Dechert LLP, San Francisco, California; David A. Kotler, Dechert LLP, Princeton, New Jersey; Frank D. Rorie Jr., Law Office of Frank D. Rorie Jr., West Hollywood, California; John D. Donovan, Robert A. Skinner, and Amy D. Roy, Ropes & Gray LLP, Boston, Massachusetts; John C. Ertman, New York, New York; Ronald Rus and Randall A. Smith, Brown Rudnick LLP, Irvine, California; for Defendants-Appellees.

## OPINION

KORMAN, District Judge:

As a matter of substantive law, a private party injured in the securities trade can generally seek relief under whatever laws—federal or state—provide a cause of action. Congress, however, has significantly narrowed the availability of *class* relief based on state-law securities claims. The Securities Litigation Uniform Standards Act ("SLUSA"), 112 Stat. 3227 (1998) (codified in relevant part at 15 U.S.C. §§ 77p(b)–(f), 78bb(f)), bars private class actions based on state law in cases where the plaintiff "alleg[es]" a material

falsehood or omission connected to the purchase or sale of most federally-regulated securities.

A note on terminology: Claims subject to SLUSA are most frequently described as "precluded," and sometimes as "preempted" by the statute. But as the Supreme Court has pointed out, "preemption" is a poor fit for a rule that "does not itself displace state law with federal law but makes some state-law claims nonactionable through the class-action device." *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 636 n.1 (2006). By our lights, "preclusion" doesn't fare much better: In modern usage, preclusion—as in, issue or claim—describes something a judgment does. Whether SLUSA applies to a given claim, however, depends on the facts alleged in the complaint, not the existence or scope of a prior judgment. Moreover, this opinion also addresses questions related to claim preclusion, and we have a measure of "pity for the tired reader" who would have to see-saw between the term's dual meanings. *See id.* at 647 n.14. We therefore describe SLUSA as "barring" particular claims rather than "precluding" them.

Against this backdrop, we begin with a brief review of the proceedings below. Lead plaintiff William Hampton sued the defendants in district court, styling his complaint as one for breach of contract and various fiduciary duties under Massachusetts law. The district judge held that SLUSA barred his claims, and dismissed them with prejudice. On appeal, Hampton challenges the district judge's 1) conclusion that his claims are barred by SLUSA, and 2) decision to dismiss his claims with prejudice as a result. In a separately-filed memorandum disposition, we affirm the district court's holding that the class-action claims in this case are indeed barred by SLUSA. In this opinion, we decide only that dismissals pursuant to SLUSA's class-action bar

must be for lack of subject-matter jurisdiction—and therefore without prejudice—rather than on the merits.

## DISCUSSION

Dismissals under Rule 12(b)(6)—the ostensible basis for the order under review—are judgments on the merits. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). Such dismissals, unless the court provides otherwise, will preclude future assertion of claims "aris[ing] out of the same transactional nucleus of facts." *See Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855 (9th Cir. 2016) (citation omitted). Dismissals for lack of subject-matter jurisdiction, on the other hand, must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case. *Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir. 1990). Hampton's challenge to the district judge's decision to dismiss with prejudice therefore raises the question of whether SLUSA calls for a dismissal for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), or one for lack of subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(b)(1).

Courts "have not achieved consensus" on which subsection of Rule 12 is the right vehicle to raise "a motion seeking SLUSA preclusion—which seeks a ruling, in the statutory language, that the lawsuit 'may not be maintained' as a covered class action." Joseph M. McLaughlin, 1 McLaughlin on Class Actions § 2.44 (13th ed. Oct. 2016) (collecting examples). Likewise, this court has not directly addressed the question. In *Freeman Investments, L.P. v. Pacific Life Insurance Co.*—our most recent case addressing the reach of SLUSA's class-action bar—we noted in dictum that the dismissal of a covered class action should be without prejudice to the plaintiff bringing the same substantive claims on an individual basis in state court. 704 F.3d 1110,

1118 (9th Cir. 2013). Since dismissals under Rule 12(b)(6) operate as judgments on the merits with claim-preclusive effect, but a dismissal for lack of subject-matter jurisdiction does not, *Freeman*'s observation strongly suggests that a motion invoking SLUSA amounts to a jurisdictional challenge under Rule 12(b)(1).

To be sure, we have previously affirmed district court decisions that addressed SLUSA under Rule 12(b)(6), *see, e.g.*, *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208 (9th Cir. 2009), and dismissals with prejudice of complaints that were wholly barred by the statute—a result that suggests a decision on the merits rather than a jurisdictional one, *see U.S. Mortg., Inc. v. Saxton*, 494 F.3d 833 (9th Cir. 2009), *abrogated on other grounds by Proctor*, 584 F.3d 1208. That sort of "drive-by jurisdictional ruling[]," however, in which the "jurisdictional character" of an issue was "assumed by the parties, and . . . assumed without discussion by the Court," carries no precedential weight. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998).

The other circuits are divided on the nature of a dismissal under SLUSA. The Third Circuit has held, albeit in summary fashion, that SLUSA dismissals are jurisdictional, *LaSala v. Bordier et Cie*, 519 F.3d 121, 129 n.7 (3d Cir. 2008), and the Second Circuit has suggested it would do likewise if given the chance, *In re Kingate Mgmt. Ltd. Litig.*, 784 F.3d 128, 135 n.9 (2d Cir. 2015). The Seventh Circuit, however, has declared, also without in-depth analysis, that "there is no merit to the suggestion that dismissal . . . on the ground that the suit is barred by SLUSA is jurisdictional and therefore without prejudice." *Brown v. Calamos*, 664 F.3d 123, 127–28 (7th Cir. 2011).

We join with the Third Circuit in holding that dismissals under SLUSA are jurisdictional. With respect to

jurisdictional questions in particular, the Supreme Court has instructed courts to review statutory limitations on the procedures for enforcing federal rights "to determine whether Congress clearly intended" them to be jurisdictional. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1036 (9th Cir. 2013) (en banc). The focus of this analysis is not on the presence or absence of "magic words," but the "language, context, and . . . historical treatment" around the statute. *Id.* (citations omitted).

The critical language here is SLUSA's command, codified as an amendment to the 1933 Securities Act, that "[n]o covered class action . . . *may be maintained in any State or Federal court*" if it meets the statute's various requirements. 15 U.S.C. § 77p(b) (emphasis added). At the time SLUSA was enacted in 1998, language specifying that an action could not be "maintained" in federal court had long been construed as jurisdictional. So in *Bob Jones University v. Simon*, the Supreme Court held that the Tax Anti-Injunction Act's provision that "no suit [to restrain tax collection] . . . shall be maintained in any court" deprived district courts of subject-matter jurisdiction. 416 U.S. 725, 749 (1974) (discussing 26 U.S.C. § 7421(a)). And in *United States v. Dalm*, the Court held that the plaintiff's failure to comply with 26 U.S.C. § 7422(a), which provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax" unless certain conditions are met, deprived the federal courts of jurisdiction to hear her claims. 494 U.S. 596, 601–02 (1990).

Where a "long line" of Supreme Court decisions holding specific language to be jurisdictional has been "left undisturbed by Congress," and used in a subsequent statute, it is difficult to escape the conclusion that when Congress used the same language, it clearly intended the same result.

*See Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 173 (2010) (Ginsburg, J., concurring in the judgment) (quoting *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 82 (2009)). To the extent that SLUSA bars Hampton's suit, it does so by depriving the district court of jurisdiction to hear his state-law claims on a class-wide basis, and the district judge erred by dismissing pursuant to Rule 12(b)(6) rather than 12(b)(1). Because the district judge had no jurisdiction to reach the merits of Hampton's claims, he had no power to dismiss them with prejudice.

We close with a brief word on what comes next: Hampton has asked for a chance to amend his complaint to plead claims not barred by SLUSA. The district judge denied him that opportunity, holding that it would be futile for lack of a "viable path whereby [Hampton] could plead a *state law claim* that does not involve the misrepresentations alleged." *Hampton v. Pac. Inv. Mgmt. Co., LLC*, 146 F. Supp. 3d 1207, 1217 (C.D. Cal. 2015) (emphasis added). We do not upset the district judge's narrow decision that Hampton may not replead state-law claims on a classwide basis. Hampton, however, has other options.

SLUSA's jurisdictional bar, which applies in both state and federal courts, only kicks in when an individual plaintiff pleads 1) state-law claims as a 2) class action. So, assuming there are no other jurisdictional barriers, Hampton is free to return to the district court (or depart for an appropriate state court) to replead his state-law claims on an individual basis, or to plead new federal securities claims either as an individual or as a class representative. On what basis Hampton seeks to proceed, and in what forum, is up to him, and the district judge can set an appropriate schedule for that decision on remand.

## **CONCLUSION**

For the reasons stated above and in our simultaneously-filed memorandum disposition, the judgment of the district court is **AFFIRMED** to the extent it concludes that Hampton's claims are barred, and **VACATED** to the extent it dismissed Hampton's claims with prejudice. The case is **REMANDED** for further proceedings consistent with this opinion.