NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOJDEH OMIDI, individually and as representatives of the class and AURORA TELLERIA, individually and as representatives of the class, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> WAL-MART STORES, INC., a Delaware corporation and FIRSTSIGHT VISION SERVICES, INC., a California corporation, <br><br> Defendants-Appellees. | No. 17-55539 <br><br> D.C. No. 3:14-cv-00857-JAH-BLM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted July 9, 2018
Pasadena, California

Before: PAEZ, FISHER,** and CHRISTEN, Circuit Judges.

Mojdeh Omidi filed this putative class-action suit against appellees Wal-Mart

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Stores, Inc., and FirstSight Vision Services, Inc. Wal-Mart operates as a registered optician within California and leases space in its stores to FirstSight, a licensed vision health care plan. FirstSight, in turn, leases space to individual optometrists, who provide routine eye exams for a fee. Wal-Mart and FirstSight advertise the availability of "Independent Doctors of Optometry" at Wal-Mart, and Omidi claims that this representation induced her to purchase an eye exam at a San Diego-area location from Dr. Ho. Omidi's complaint alleges that Dr. Ho was not "independent" as advertised, and that she would not have purchased the eye exam if she had known this. Omidi seeks relief under various California consumer protection statutes.[1] The District Court dismissed the complaint for lack of standing, concluding that Omidi failed to establish an economic injury in fact. For the reasons stated below, we vacate in part, reverse in part, and remand for further proceedings.

To establish standing under Article III, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). At the pleading stage, the complaint must "'clearly allege facts demonstrating' each element" of standing. *Id.* (ellipsis omitted) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). An injury in fact is the invasion

---

[1] The Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, *et seq.*, the False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500 *et seq.*, and the Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1750 *et seq.*

of a legally protected interest which is both "concrete and particularized," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), as opposed to merely "conjectural or hypothetical," *id.* (internal quotation marks omitted) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). Under California law, a plaintiff suffers an economic injury in fact for purposes of statutory standing if she "would not have bought [a] product but for [some] misrepresentation." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013) (quoting *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 890 (Cal. 2011)).

The key question in this case is whether Omidi has adequately alleged that her optometrist lacked independence. The complaint lacks specific allegations about Dr. Ho, and instead points to various lease provisions indicating that Wal-Mart and FirstSight were able to exercise undue influence over all of their resident optometrists. These provisions include: setting rent as a percentage of revenue, prescribing minimum operating hours, and permitting the lessor to terminate leases at will. In addition, the complaint contains several anecdotes concerning other optometrists at other Wal-Mart locations, all of which suggest that Dr. Ho was constrained in the rates he could charge and the therapies he could recommend. "[I]njury in fact is not a substantial or insurmountable hurdle," *Kwikset* at 886, and the complaint's allegations are sufficient to raise Omidi's claimed injury—paying for an eye exam that she would not have purchased had she known Dr. Ho was not

independent—above the conjectural or hypothetical level. Because this injury is fairly traceable to the misleading advertisements and is likely to be redressed by a favorable judicial decision, Omidi has established standing under Article III and the relevant state statutes.

Independent of the misleading advertisements, Omidi claims entitlement to relief under the "unlawful" prong of the UCL because the business arrangement between Wal-Mart, FirstSight, and Dr. Ho was illegal under then-prevailing California law. *See* Cal. Bus. & Prof. Code § 655 (2015) (amended 2017); Cal Bus. & Prof. Code § 2556 (2015) (amended 2016). Setting aside the legality or illegality of appellees' arrangement, Omidi fails to establish how her injury was fairly traceable to the purported statutory violations, rather than the misleading advertisements themselves. The District Court properly concluded that Omidi lacks standing on this claim, but improperly dismissed it with prejudice. *See Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 847 (9th Cir. 2017). We vacate this judgment and remand for dismissal of Omidi's "unlawful" claim without prejudice.

The judgment of the District Court is VACATED in part, REVERSED in part, and REMANDED for consideration under Federal Rules of Civil Procedure 12(b)(6) and 9(b).