NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

JUL 31 2018

FOR THE NINTH CIRCUIT

JASON DECARLO, individually and on behalf of all others similarly situated,

Plaintiff-Appellant,

v.

COSTCO WHOLESALE CORPORATION, a Washington Corporation and MBNR, INC., a New Mexico corporation,

Defendants-Appellees.

No.    16-56602

D.C. No.
3:14-cv-00202-JAH-BLM

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted July 9, 2018
Pasadena, California

Before:  PAEZ, FISHER,** and CHRISTEN, Circuit Judges.

Plaintiff-Appellant Jason DeCarlo ("DeCarlo") appeals the dismissal with

prejudice of his suit against Defendants-Appellees Costco Wholesale Corporation

---

*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**  The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

("Costco") and MBNR, Inc ("MBNR"). We reverse in part, vacate in part, and remand for further proceedings.

**1.** We first consider whether DeCarlo has sufficiently alleged Article III standing, that is, whether he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). We review de novo the district court's determination of this issue. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

The district court correctly concluded that DeCarlo lacks Article III standing with respect to his claims under the "unlawful" prong of California's Unfair Competition Law ("UCL"), because the harm that DeCarlo alleges is not fairly traceable to the mere fact that Costco and MBNR allegedly violated certain provisions of California law regulating their business relationships. But with "no jurisdiction to reach the merits," the district court "had no power to dismiss [these claims] with prejudice." *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 847 (9th Cir. 2017). We therefore vacate the judgment as to these claims and remand with instructions to dismiss them without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

As to DeCarlo's claims based on the allegation that it was misleading to market Costco-based optometrists as independent—specifically, his claims under

California's False Advertising Law ("FAL"), Consumer Legal Remedies Act ("CLRA"), as well as the "unfair" and "fraudulent" prongs of the UCL—the district court erred in concluding that DeCarlo lacks Article III standing. Someone who alleges that he or she "paid more" for something than he or she "otherwise would have paid" or "bought [something] when they otherwise would not have done so" has "suffered an Article III injury in fact." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 n.3 (9th Cir. 2013) (quoting *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 595 (9th Cir. 2012)); *accord Maya*, 658 F.3d at 1069. DeCarlo has alleged that he was injured in this way. That alleged injury, moreover, is not speculative and is traceable to Costco and MBNR because DeCarlo adequately alleged that his optometrist was not independent even though Costco and MBNR advertised that he was. DeCarlo's alleged injury is also redressable, as he could be compensated for the difference between how much he paid for the eye exam and how much he valued one from an optometrist who was not independent.

2.      We next consider whether DeCarlo has sufficiently alleged statutory standing under California law with respect to his misrepresentation claims. We conclude that he has.

Under the UCL and the FAL, "the quantum of lost money or property necessary to show standing" is the same as that required to show Article III standing. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1048–49 (9th

3

Cir. 2017) (quoting *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 886 (Cal. 2011)). And much like the plaintiffs in *Kwikset Corp. v. Superior Court*, 246 P.3d 877 (Cal. 2011), who "bargained for locksets that were made in the United States" but "got ones that were not" made in the United States, *id.* at 892, DeCarlo bargained for an eye exam performed by an independent optometrist but got one performed by an optometrist who allegedly was not independent. Furthermore, because the California legislature chose to regulate the independence of optometrists, and because Costco allegedly marketed Costco-based optometrists as independent, at this stage we can conclude only that the independence of the optometrist was a material part of DeCarlo's bargain.[1] *See id.* at 892 (applying similar reasoning and observing that materiality should rarely be decided at the pleadings stage).

DeCarlo has also satisfied the UCL's and the FAL's causation requirements. That is because "[p]leading that one would not have otherwise purchased the product but for the [defendants' alleged misconduct] . . . satisfies the consumer's

---

[1] *Birdsong v. Apple, Inc.*, 590 F.3d 955 (9th Cir. 2009), does not counsel otherwise. There, the plaintiffs admitted that the defendant "provided a warning against listening to music at loud volumes," rather than representing that doing so was safe. *Id.* at 961. That is why safety from hearing loss "was not part of the bargain to begin with." *Id.* This case is precisely the opposite. Again, Costco allegedly marketed Costco-based optometrists as independent, making independence part of the bargain.

obligation to plead a causal link between the advertising and the alleged economic injury." *Hinojos*, 718 F.3d at 1104 n.5.

Based on the foregoing, it follows *a fortiori* that DeCarlo has statutory standing under the CLRA as well. *See id.* at 1108.

**3.**     We remand for the district court to consider in the first instance whether DeCarlo has plausibly stated a claim for relief under Federal Rule of Civil Procedure 12(b)(6), and for further proceedings not inconsistent with this disposition.[2]

**REVERSED in part, VACATED in part, and REMANDED.**

---

[2]  We express no view on the argument that DeCarlo's CLRA claims fail as a matter of law due to the CLRA's reference to "any person in a transaction," Cal. Civ. Code § 1770(a), and—with respect to the claim against MBNR—DeCarlo's alleged failure to send a notice-and-demand letter.