NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LERNA MAYS, individually and on behalf of all others similarly situated, | No. 19-55318 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02318-AB-KK |
| v. | |
| WAL-MART STORES, INC., a Delaware corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

| | |
|---|---|
| LERNA MAYS, individually and on behalf of all others similarly situated, | No. 19-55627 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-02318-AB-KK |
| v. | |
| WAL-MART STORES, INC., a Delaware corporation, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted March 5, 2020

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before:  NGUYEN, HURWITZ, and FRIEDLAND, Circuit Judges.

Lerna Mays appeals a district court order denying class certification to her proposed class of former Wal-Mart employees in California who received MyShare Incentive Award payments after termination, allegedly in violation of California Labor Code § 203.  Wal-Mart cross-appeals the district court's certification of a Wage Statement Class of California-based employees who received wage statements listing their employer as "Wal-Mart Associates, Inc." rather than "Wal-Mart Stores, Inc.," allegedly in violation of California Labor Code § 226.  We have jurisdiction pursuant to 28 U.S.C. § 1292(e) and Rule 23(f) of the Federal Rules of Civil Procedure.  We affirm the district court's denial of class certification to the proposed MyShare Incentive Award Class and reverse the district court's certification of the Wage Statement Class.

1.  The proponent of class certification "bear[s] the burden of demonstrating that [she] ha[s] met each of the four requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b)."  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011).  The district court did not abuse its discretion in finding that Mays failed to demonstrate the numerosity of her proposed MyShare Incentive Award Class.  *See id.* at 980 (stating standard of review).

The district court "must conduct a rigorous analysis to determine whether the party seeking certification has met the prerequisites of Rule 23," *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1004 (9th Cir. 2018) (citation omitted), and should not uncritically accept the plaintiff's preferred inferences. Mays relied on several bare assertions of numerosity without any clear factual grounding, and the statistics she did proffer were overinclusive—leaving the court with little concrete basis for assessing numerosity. The court was reasonably concerned about the degree of speculation inherent in the opinions of the plaintiff's expert, including his extrapolation from Mays's individual experience to the experiences of others. The court therefore reasonably concluded that Mays's proffered evidence was too thin and her proposed inferential chain too weak to support a finding of numerosity.

2. A plaintiff cannot proceed in federal court absent Article III standing, and "must demonstrate standing for each claim [s]he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342, 352 (2006). At the class certification stage, our standing analysis focuses solely on the class representative. *Melendres v. Arpaio*, 784 F.3d 1254, 1261–62 (9th Cir. 2015); *see also Ramirez v. TransUnion LLC*, No. 17-17244, 2020 WL 946973, at *7, *17 n.14 (9th Cir. Feb. 27, 2020). Because Mays failed to demonstrate Article III standing to bring her wage statement claim under California Labor Code § 226, the district court erred in certifying the Wage Statement Class.

We use a two-step approach to assess whether a statutory violation causes a concrete injury sufficient to satisfy Article III. *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019). We ask "(1) whether the statutory provisions at issue were established to protect [the plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017).

California Labor Code § 226 was established to protect the concrete interests of California's workers, not merely to confer pure procedural rights.[1] The legislative history of the provision clarifies that it was meant to provide workers with transparency about their compensation to protect them from being cheated of their earned wages and to facilitate their application, if needed, for unemployment benefits. *See* S. Judiciary Comm., Bill Analysis A.B. No. 1506, at 2 (2015–16 Reg. Sess.) ("AB 3731 was enacted to ensure that employees were adequately informed of compensation received, that the employees were not being short changed their wages, and to assist employees establish eligibility for

---

[1] Although we struggle to find common law origins to the informational rights protected by California Labor Code § 226, that alone is not dispositive. When "we deal with an 'intangible harm' that is linked to a statutory violation, we are guided in determining concreteness by 'both history and the judgment of Congress,' or the legislature that enacted the statute." *Campbell v. Facebook, Inc.*, No. 17-16873, 2020 WL 1023350, at *6 (9th Cir. Mar. 3, 2020) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016)).

4

unemployment insurance."); Assemb. Comm. on Labor and Emp't, Bill Analysis S.B. No. 1255 (2011–2012 Reg. Sess.) (substantially the same); Assemb. Labor Comm., Bill Analysis A.B. No. 3731 (1975–76 Reg. Sess.) (substantially the same). These objectives are plainly substantive ones, directed at safeguarding employees' concrete interests rather than establishing procedural requirements as an end unto themselves.

We next evaluate whether the specific procedural violation alleged in this case implicates the concrete interests that § 226 was designed to protect. Mays alleges that her wage statements misstated one word of her employer's name, and that the alleged inaccuracy caused her confusion. But apart from her confusion, Mays does not allege any real-world consequences flowing, or even potentially flowing, from the violation. Nor does the relatively trivial nature of the violation—swapping "Wal-Mart Associates, Inc." for "Wal-Mart Stores, Inc."— pose a clear threat of harm. *See Robins*, 867 F.3d at 1116 ("[T]he [Supreme] Court suggested that even if Congress determined that inaccurate credit reporting generally causes real harm to consumers, it cannot be the case that every trivial or meaningless inaccuracy does so."). Mays's bare confusion, without more, lacks a meaningful nexus to the concrete interests safeguarded by § 226.

Although Mays may be able to pursue her claim in state court, that does not automatically confer Article III standing, and we conclude that her allegations fail

to satisfy Article III's injury-in-fact requirement. *See Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 783 (9th Cir. 2018) (finding no injury-in-fact attendant to a procedural statutory violation when the plaintiff failed to allege facts supporting real-world consequences of the violation, and explaining that the plaintiff's hypothetical "theory of 'exposure'" to danger was "too speculative for Article III purposes" (citation omitted)). We therefore reverse the district court's class certification order as to the Wage Statement Class, and we remand to the district court with instructions to dismiss the wage statement claim without prejudice. *See Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals for lack of subject-matter jurisdiction . . . must be without prejudice . . . .").

Costs are to be taxed against appellant Mays.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**