**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER MAI, on behalf of themselves and all others similarly situated; DIEGO NINO, | No. 23-15144 |
| Plaintiffs-Appellants, | D.C. No. 5:20-cv-05573-EJD |
| v. | MEMORANDUM[*] |
| SUPERCELL OY, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted April 2, 2024
San Francisco, California

Before: HURWITZ and JOHNSTONE, Circuit Judges, and MORRIS,[**] District Judge.

Peter Mai and Diego Niño appeal the district court's dismissal of their

Second Amended Complaint ("SAC") with prejudice. We have jurisdiction under

28 U.S.C. § 1291. We agree with the district court that Mai and Niño have failed to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Brian M. Morris, Chief Judge for the District of Montana, sitting by designation.

allege a cognizable economic injury-in-fact. Because this failure means that the appellants lack not only statutory standing under California's Unfair Competition Law ("UCL") but also Article III standing, we vacate the district court's judgment and remand with instructions to dismiss this case without prejudice under Federal Rule of Civil Procedure 12(b)(1). *See Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 847–48 (9th Cir. 2017).

Although neither the parties nor the district court addressed Article III standing, "we have an independent obligation 'to examine jurisdictional issues such as standing [sua sponte].'" *Wilson v. Lynch*, 835 F.3d 1083, 1090 n.2 (9th Cir. 2016) (alteration in original) (quoting *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999)). At the pleading stage, Mai and Niño must allege facts showing they "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To show injury-in-fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized'" *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 705 (9th Cir. 2020) (quoting *Davis v. Facebook, Inc. (In re Facebook Inc. Internet Tracking Litig.)*, 956 F.3d 589, 597 (9th Cir. 2020)).

1. Mai and Niño claim economic injury because they spent money and property (in the form of in-game currency) on Royal Chests and Brawl Boxes

(collectively, "loot boxes"). Loot boxes are in-game transactions through which a player purchases a mystery item or items. Purchasers know that there is no guarantee that a loot box will contain a particular virtual item, but always receive at least one virtual item.

Under a traditional benefit-of-the-bargain theory of economic injury, it is ordinarily insufficient for plaintiffs to merely allege they "did not receive the benefit [they] *thought* [they were] obtaining." *Id.* Here, Mai and Niño have not even alleged that much. They concede that for each loot box they purchased, they received exactly what they expected: at least one mystery virtual item. Thus, they have not shown a sufficient economic injury-in-fact.[1] Even, assuming, as Mai and Niño allege, that loot boxes are illegal under California law, injury-in-fact requires more than a mere statutory violation. *See Spokeo*, 578 U.S. at 342 (plaintiffs "cannot satisfy the demands of Article III by alleging a bare procedural violation"); *cf. Medina v. Safe-Guard Prods., Int'l, Inc.*, 78 Cal. Rptr. 3d 672, 679 (Ct. App. 2008) (UCL plaintiffs must show economic injury "beyond merely having suffered an 'unlawful, unfair or fraudulent business act or practice'" (quoting Cal. Bus. &

---

[1] Insofar as the UCL standing requirement is coextensive with economic injuries sufficient to meet the Article III requirement, *see Kwikset Corp. v. Super. Ct.*, 246 P.3d 877, 886 (Cal. 2011), we agree with the district court's holding that Mai and Niño have pled no such injury. *See, e.g.*, *Demeter v. Taxi Comput. Servs., Inc.*, 230 Cal. Rptr. 3d 817, 825–26 (Ct. App. 2018); *Hall v. Time, Inc.*, 70 Cal. Rptr. 3d 466, 471 (Ct. App. 2008).

3

Prof. Code § 17200)).

2. The SAC also makes general allegations about potential psychological and social harms related to gambling. Mai and Niño allege that loot boxes rely on cognitive biases associated with gambling and thus increase the risk that players, particularly minors, may develop gambling or gaming addictions. Even if such intangible harms are cognizable under Article III, Mai and Niño have not alleged *they* suffered any such injury. At most, they allege that other players may face an increased risk of developing a gambling or gaming addiction. A potential risk to others is not sufficient to state a concrete and particularized injury sufficient for Article III standing. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 961–62 (9th Cir. 2009) ("The risk of injury the plaintiffs allege is not concrete and particularized *as to themselves*.").

**VACATED and REMANDED. Costs shall be taxed against appellants.**[2]

---

[2] We grant the pending motions for leave to file amici curiae briefs filed by the National Council on Problem Gambling and certain state councils on problem gambling, Dkt. 19, the International Centre for Youth Gambling Problems and High-Risk Behaviors, Dkt. 21, and TechFreedom, Dkt. 44. Because we find that Mai and Niño lack Article III standing, we deny both parties' motions for judicial notice as moot. Dkt. 14, 38, 63. And because we decide this case as a matter of federal law under Article III, we deny Mai and Niño's motion to certify a question to the California Supreme Court. Dkt. 16.