**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARMONY NASON,<br><br>                    Plaintiff-Appellant,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; et al.,<br><br>                 Defendants-Appellees. | No.   23-35388<br><br>D.C. No.<br>2:22-cv-00887-RAJ-BAT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted March 12, 2025**
San Francisco, California

Before:  FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Harmony Nason appeals pro se from the district court's dismissal of her Complaint for lack of subject matter jurisdiction.  We review de novo, *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000), and we affirm.

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1. Nason "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). As Nason correctly identifies, "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White*, 227 F.3d at 1242. The United States Department of Housing and Urban Development ("HUD") clarifies in its brief that it "intended to make a facial motion." Because HUD makes a facial attack on subject matter jurisdiction, we "assume [Nason]'s allegations to be true and draw all reasonable inferences in [her] favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004), *overruled on other grounds by Munoz v. Superior Ct. of L.A. Cnty.*, 91 F.4th 977 (9th Cir. 2024). We also construe Nason's Complaint "liberally because it was drafted by a pro se plaintiff." *Id.*

Nason explains in her opening brief that "the thrust of her [C]omplaint" sought to set aside HUD's foreclosure sale of the Monroe property. Although Nason's Complaint also requested damages for certain claims (*e.g.*, her emotional distress claim), Nason states in her opening brief that she did not seek damages for her first and second claims, *i.e.*, her claims for breach of contract and for violation of the Administrative Procedure Act ("APA"). And in any event, "the APA does not provide for money damages." *Carpenter v. Dep't of Transp.*, 13 F.3d 313, 316 (9th Cir. 1994). Nason notes that her "remaining claims do read more like actions for damages." But Nason does not raise any argument in her briefs on appeal

2

challenging the district court's dismissal of those other claims and has therefore abandoned them.[1] *See Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007).

Nason's breach of contract and APA claims seeking to "set aside the foreclosure sale" fail for lack of redressability. "[T]here is no redressability if a federal court lacks the power to issue [the requested] relief." *M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018). HUD sold the Monroe property to a third-party purchaser that is not a party to this case.[2] Because the purchaser is not before the court, it is not within the court's power to unwind the sale of the Monroe property.

---

[1] It is unclear whether Nason's Complaint seeks damages for her claim that HUD violated 42 U.S.C. § 8013. The parties dispute whether § 8013 creates an implied private right of action, but do not address the "analytically distinct" issue of remedies. *See Franklin v. Gwinnett Cnty. Pub. Schs.*, 503 U.S. 60, 65-66 (1992) (quoting *Davis v. Passman*, 442 U.S. 228, 239 (1979)). Even if § 8013 creates an implied right of action and Nason's Complaint seeks damages, her claim would be barred by sovereign immunity. *See Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007) ("[W]aiver [of sovereign immunity] cannot be implied, but must be unequivocally expressed. . . . [T]he existence of such consent is a prerequisite for jurisdiction." (quoting *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985))). Section 8013 does not contain an express waiver of sovereign immunity. Nason points to 42 U.S.C. § 1404a, but that statute permits HUD to "sue and be sued only with respect to its functions under the United States Housing Act of 1937, as amended, and title II of Public Law 671, Seventy-sixth Congress, . . . as amended." Section 8013, enacted as part of the Cranston-Gonzalez National Affordable Housing Act, does not fall within those enumerated acts.

[2] HUD notes in its brief that "[i]t appears from public property records that" the purchaser has since resold the property to another third-party, and Nason does not dispute this.

*See Murthy v. Missouri*, 603 U.S. 43, 73-74 (2024) ("The platforms are 'not parties to the suit, and there is no reason they should be obliged to honor an incidental legal determination the suit produced.'" (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 (1992) (plurality opinion))); *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 189 (9th Cir. 1977) (explaining that to "set aside" a sale, the appellant "would be required" to join the buyers as parties).

2. To the extent that Nason's Complaint could also be read to seek an injunction "compel[ling] HUD to enforce the terms of [its] sales agreement and riders" with the purchaser, such a claim is moot. Because the contractual provision that Nason references in her Complaint expired on December 13, 2023, the court lacks the power to enforce it. *See Int'l Longshoremen's & Warehousemen's Union, Loc. 21 v. Reynolds Metals Co.*, 487 F.2d 696, 697 (9th Cir. 1973); *S. Cal. Painters & Allied Trades, Dist. Council No. 36 v. Rodin & Co.*, 558 F.3d 1028, 1035 (9th Cir. 2009).

3. Similarly, to the extent that Nason's APA claim seeks declaratory or injunctive relief related to HUD's alleged failure to provide "proper oversight, monitoring, or inspection of the program" or "timely or proper notice of foreclosure," Nason lacks standing for such relief. *See Murthy*, 603 U.S. at 58 ("[B]ecause the plaintiffs request forward-looking relief, they must face 'a real and immediate threat of repeated injury.'" (quoting *O'Shea v. Littleton*, 414 U.S. 488,

4

496 (1974))). Harmony House East Association has dissolved, and the Monroe property was sold to a third-party. Nason has not alleged any facts suggesting that there is a "substantial risk" that she will be injured by HUD's alleged failures to properly oversee Harmony House or provide proper notice of foreclosure in the future. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013)). Although Nason argues that HUD may fail to comply with legal requirements with respect to other multi-family housing projects it oversees, Nason does not allege that she will be affected by that noncompliance.

Because we affirm the district court's dismissal for lack of subject matter jurisdiction, we do not reach the parties' arguments regarding the merits.

4. Nason argues that her Complaint should have been dismissed without prejudice. "We review for abuse of discretion a district court's decision to dismiss with prejudice." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012)). Because "the merits have not been considered" before a dismissal for lack of subject matter jurisdiction, *id.* (quoting *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012)), the general rule is that "dismissal for lack of subject matter jurisdiction is without prejudice," *id.*; *see also Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals for lack of subject-matter jurisdiction . . . must be

5

without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case."). We agree with Nason that the district court should have dismissed her Complaint without prejudice.

Each party shall bear its own costs.

**AFFIRMED** and **REMANDED** with instructions to dismiss the Complaint without prejudice.