**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSEPHINE OKWU,
            *Plaintiff-Appellant,*

v.

CINDY MCKIM; JUDITH SMITH; DAVE
SCHAEFER; ANNE STAUSBOLL; PETER
H. MIXON; RORY J. COFFEY; DONNA
RAMEL LUM,
            *Defendants-Appellees.*

No. 11-15369

D.C. No.
2:10-cv-00653-
GEB-GGH

OPINION

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted
May 14, 2012—San Francisco, California

Filed June 12, 2012

Before: Stephen Reinhardt, Richard R. Clifton, and
N. Randy Smith, Circuit Judges.

Opinion by Judge Clifton

## COUNSEL

Herman Franck (argued), Elizabeth Vogel, Franck & Associates, Sacramento California, for the appellant.

D. Gregory Valenza, Shaw Valenza LLP, San Francisco, California, for appellees Anne Stausboll, Peter H. Mixon, Rory J. Coffey, and Donna Ramel Lum.

Navtej Bassi, State of California Department of Transportation, for appellees Cindy McKim, Judith Smith, and Dave Schaefer.

## OPINION

CLIFTON, Circuit Judge:

This appeal presents the issue of whether a state employee may sue state officers under 42 U.S.C. § 1983 for alleged violations of Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12111-12117. The defendants in this case determined that Plaintiff Josephine Okwu's psychological disor-

ders made her unfit for reinstatement from disability retirement to active service with the California Department of Transportation ("Caltrans"). Okwu alleges that this decision deprived her of her right to a reasonable accommodation under the ADA and to the equal protection of the laws under the Fourteenth Amendment. We conclude that Congress's inclusion of a comprehensive remedial scheme in Title I of the ADA precludes § 1983 claims predicated on alleged violations of ADA Title I substantive rights. We also conclude that Okwu's allegations of fact do not state a claim under the Equal Protection Clause. We therefore affirm.

## I.   Background

Okwu suffers from severe psychological disorders, including bipolar disorder, psychosis, and schizoaffective disorder. These disorders led to strife between Okwu and Caltrans, her employer. Caltrans wanted to terminate Okwu's employment; Okwu alleged that she had been improperly passed over for promotion and harassed. As part of a negotiated settlement of this conflict, Okwu applied for and received disability retirement status from the California Public Employees Retirement System ("CalPERS").

The settlement allowed Okwu to seek reinstatement to active employment. Okwu did, and a new round of administrative proceedings followed, culminating in a 2008 hearing before a California administrative law judge. Based on testimony from Okwu and several doctors, the ALJ decided that despite Okwu's praiseworthy "efforts to gain control of her illness," Okwu "remain[ed] substantially incapacitated from the performance of her usual and customary duties" as a Caltrans Accounting Officer. The CalPERS Board of Administration adopted the ALJ's decision.

Okwu challenged this decision in state court, but that effort was ultimately unsuccessful. She also wanted to sue CalPERS and Caltrans in federal court under the ADA, but she believed

the Eleventh Amendment prevented her from doing so. Accordingly, she instead brought claims under § 1983 for deprivation of ADA and Equal Protection rights against the defendants, each of whom is an employee of CalPERS or Caltrans alleged to have participated in the denial of Okwu's request for reinstatement. Okwu sought both money damages and injunctive and declaratory relief.

The district court held that Okwu's complaint failed to state a claim on which relief might be granted, and dismissed with prejudice under Rule 12(b)(6). Okwu appealed to this court.

## II. Discussion

We review de novo the district court's dismissal of a complaint for failure to state a claim. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). We review for abuse of discretion a district court's decision to dismiss with prejudice. *Id*. at 636, 638. We conclude that the district court did not err in dismissing Okwu's complaint and did not abuse its discretion by doing so without giving Okwu an opportunity to amend.

**[1]** "An alleged violation of federal law may not be vindicated under § 1983 . . . where . . . 'Congress has foreclosed citizen enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own comprehensive remedial scheme.' " *Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002) (quoting *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir.1995)); *see Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 520-21 (1990). By including a comprehensive remedial scheme in Title I of the ADA, Congress foreclosed the § 1983 claims Okwu brought in this case.

In *Vinson*, we held that the remedial scheme of Title II of the ADA[1] was comprehensive enough to foreclose § 1983

---

[1]Title II prohibits disability-based discrimination by public entities in the provision of public services. 42 U.S.C. § 12132. Title I prohibits

actions. 288 F.3d at 1156. We observed that Congress drafted Title II-specific enforcement mechanisms and civil remedies. *Id.* (citing *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1011 (8th Cir. 1999) (en banc)). We reasoned that the specificity and comprehensiveness of these remedies suggested that Congress intended the Title II remedial scheme to be the exclusive means by which a party could vindicate his Title II ADA rights, and that allowing the plaintiff to use the more general § 1983 remedial scheme instead would be contrary to Congress's intent. *Id.* We therefore concluded that the plaintiff's § 1983 claims were barred. *Id.*

In *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1054 (9th Cir. 2009), we similarly held that the remedial scheme in the Age Discrimination in Employment Act (ADEA) foreclosed § 1983 claims based on ADEA violations. As in *Vinson*, we reasoned that the nature of the remedial provisions in the ADEA "demonstrate[d] Congressional intent to preclude the remedy of suits under § 1983." *Id.* at 1057 (quoting *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19-20 (1981)). We further reasoned that if a violation of substantive rights under the ADEA could be asserted via a § 1983 action, plaintiffs would be able to make an end run around the ADEA scheme's specific, complex procedural provisions. *Id.* (*citing Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364, 1366 (4th Cir.1989)). This is a result Congress did not intend. Accordingly, we concluded that a § 1983 claim may not be predicated on the rights protected by the ADEA. *Id.* at 1054.

**[2]** Okwu's § 1983 claims differ from the § 1983 claim this court rejected in *Vinson* in that Okwu's claims are based on

disability-based discrimination by employers, requiring them, in certain circumstances, to make reasonable accommodations for disabled employees. 42 U.S.C. § 12112. Okwu raised only a Title I claim, not a Title II claim.

Title I of the ADA (which prohibits disability discrimination in employment), not Title II (which prohibits disability discrimination in the provision of public services). Each of the two titles includes a remedial scheme that allows private parties to file actions for damages, injunctive relief, and attorney's fees in certain enumerated circumstances. 42 U.S.C. §§ 12117, 12133.[2] But while both titles purport to authorize damages against state governments, only Title II abrogates a state's Eleventh Amendment immunity. *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004); *Bd. of Tr. of the Univ. Of Ala. v. Garret*, 531 U.S. 356, 360 (2001); *Phiffer v. Columbia River Corr. Inst.*, 384 F.3d 791, 792-93 (9th Cir. 2004). That means that a state employee like Okwu, unlike the consumer of state public services in Vinson, cannot use the ADA remedial scheme to vindicate his or her ADA rights.[3] Okwu argues that she should therefore be allowed to sue under § 1983 instead.

We have already decided, however, that a state's immunity from suit does not mean that a plaintiff may use § 1983 as a substitute for an otherwise-comprehensive remedial scheme. *Ahlmeyer*, 555 F.3d at 1060. In *Ahlmeyer*, as in this case, the Supreme Court had struck down the part of the relevant remedial scheme that allowed plaintiffs to sue states, *Kimel v.*

---

[2]Section 12133 incorporates "[t]he remedies, procedures, and rights set forth in section 794a of Title 29." Section 794a in turn incorporates "[t]he remedies, procedures and rights" set forth in Title VI of the Civil Rights Act of 1964, including 42 U.S.C. § 2000e-5(g)(1). Section 12117 also incorporates the remedies and procedures set forth in 42 U.S.C. § 2000e-5(g)(1). Section 1981 of Title 42 expands the remedies set forth in 42 U.S.C. § 2000e-5(g)(1) to include compensatory and punitive damages in appropriate cases.

[3]State employees are not left without any remedy against disability discrimination, however. *Garret*, 531 U.S. at 374 n. 9. For example, California's Fair Employment and Housing Act, Cal. Gov't Code §§ 12900-12996, allows public employees to sue the state in state court for disability discrimination. *Schifando v. City of Los Angeles*, 79 P.3d 569, 573-74 (Cal. 2003). State employees may also seek relief from disability discrimination under California's Civil Service Act, Cal. Gov't Code § 19702. *Id.*

*Florida Bd. of Regents*, 528 U.S. 62, 91 (2000), leaving the plaintiff without the means of vindicating her ADEA rights in federal court. *Ahlmeyer,* 555 F.3d at 1060. This court reasoned, however, that "courts must analyze the comprehensiveness of a statute — and its corresponding preclusion of other remedies — as it was originally written," not as subsequently altered by the courts' constitutional review. *Id.* (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 75-76 (1996)). When Congress originally wrote the ADEA's remedial provisions, Congress intended it to be comprehensive enough to preclude ADEA-based § 1983 suits. *Id.* The fact that the courts subsequently defanged part of that comprehensive scheme did nothing to change this preclusive intent. *Id.* Accordingly, the plaintiff could not sue state officials under § 1983 based on deprivation of her ADEA rights.

**[3]** The same reasoning applies here. By drafting a comprehensive remedial scheme for employer's violations of ADA Title I, Congress manifested an intent to preclude § 1983 remedies. *See* 42 U.S.C. § 12117. The Supreme Court's subsequent decision that this scheme did not validly abrogate the states' Eleventh Amendment immunity, *Garret*, 531 U.S. at 360, did nothing to change that intent. We are not free to interpret § 1983 in a way that provides a substitute remedy that Congress never provided. *Seminole Tribe*, 517 U.S. at 76. Accordingly, we must affirm the district court's conclusion that Okwu cannot state a § 1983 claim predicated on violations of Title I of the ADA.

**[4]** We also affirm the district court's conclusion that Okwu's complaint fails to state a § 1983 claim based on deprivation of her rights under the Equal Protection Clause of the Fourteenth Amendment. Okwu did not allege that any of the defendants treated any similarly-situated individual differently. She argued that she is a "class of one," but that theory is not available in the public employment context. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 609 (2008). And even if Okwu could identify disparate treatment, this court must

affirm state disability-based employment decisions as long as the decisions are supported by a rational basis. *Garret*, 531 U.S. at 368 ("States are not required by the Fourteenth Amendment to make special accommodations for the disabled, so long as their actions toward such individuals are rational."). Caltrans and CalPERS' decision not to reinstate Okwu was rationally based on the state's determination that Okwu's psychological disorders prevented her from fulfilling her former duties.

**[5]** Finally, Okwu has not identified any amendment consistent with the facts she has already alleged that would give her a viable claim.[4] We therefore conclude that the district court's decision to dismiss with prejudice without giving Okwu another opportunity to amend was not an abuse of discretion.

**AFFIRMED.**

---

[4]Okwu has waived the argument that she should be allowed to amend her complaint to re-style some of her § 1983 claims as claims for injunctive relief under the ADA itself brought against the directors of Caltrans and CalPERS in their official capacity under the *Ex Parte Young* exception to the Eleventh Amendment. *See Garret*, 531 U.S. at 374 n. 9; *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033 (9th Cir. 2006). She did not make that argument to the district court or in either of her briefs on appeal. We therefore express no opinion on its legal viability.