**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

INGRID PETERSON,

          Plaintiff - Appellant,

  v.

WILLIAM S. MORRIS, IV, President
Morris Communications, Publisher Homer
News; et al.,

          Defendants - Appellees.

No. 11-35961

D.C. No. 3:11-cv-00075-JWS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

    Ingrid Peterson appeals pro se from the district court's judgment dismissing

her diversity action alleging libel based on a local Alaska newspaper article about

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument, and therefore, denies defendants' request for oral argument.
*See* Fed. R. App. P. 34(a)(2).

criminal charges being filed against her sons. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of personal jurisdiction, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004), and the denial of a motion for remand, *D-Beam Ltd., P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 n.2 (9th Cir. 2004). We affirm.

The district court properly dismissed Peterson's action against defendant William S. Morris IV because Peterson failed to establish that Morris had certain minimum contacts with the State of Alaska such that the maintenance of her suit there would not offend "traditional notions of fair play and substantial justice." *Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1269-70 (9th Cir. 1981) (setting forth test for general or specific personal jurisdiction over nonresident defendant under Alaska's long-arm statute) (citations and internal quotation marks omitted)); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).

The district court properly denied Peterson's motion for remand because the court was not divested of jurisdiction by Peterson's attempts after removal to reduce her request for damages below the minimum jurisdictional level and add as defendants non-existent Alaska entities to destroy complete diversity. *See Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999) (diversity jurisdiction existing at the commencement of an action is not divested by a later

reduction of the amount in controversy or a change in the parties' citizenship).

The district court did not abuse its discretion in denying Peterson further leave to amend because Peterson only sought to add time-barred claims against non-existent corporate entities. *See Okwu v. McKim*, 682 F.3d 841, 844, 846 (9th Cir. 2012) (setting forth standard of review and finding no abuse of discretion from the district court's denial of plaintiff's request for another opportunity to amend where plaintiff failed to identify any "amendment consistent with the facts she has already alleged that would give her a viable claim").

We do not address matters not specifically and distinctly raised and argued in the opening brief, including the district court's award of costs and its denial of Peterson's discovery and recusal motions. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Peterson's arguments regarding the district court's alleged bias are unpersuasive and not supported by the record.

Defendant Morris's request for costs and fees, set forth in the answering brief, is denied without prejudice because such requests must be made by separate motion. *See* 9th Cir. R. 39-1.6.

**AFFIRMED.**