
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE PFAU; SUSIE PFAU; DAN DONOVAN, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs - Appellants,<br><br>  v.<br><br>GREG MORTENSON; CENTRAL ASIA INSTITUTE, a corporation; PENGUIN GROUP (USA), INC.; DAVID OLIVER RELIN; MC CONSULTING, INC.,<br><br>         Defendants - Appellees. | No. 12-35400<br><br>D.C. No. 9:11-cv-00072-SEH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted October 7, 2013[**]
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiffs George Pfau, Susie Pfau, and Dan Donovan appeal from the district court's dismissal with prejudice of their Fourth Amended Complaint. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review de novo dismissals pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1102 (9th Cir. 2003). We review a denial of permanent injunctive relief for abuse of discretion. *Gentala v. City of Tucson*, 213 F.3d 1055, 1060 (9th Cir. 2000). We review a district court's dismissal of a complaint with prejudice for abuse of discretion. *Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012).

The district court properly dismissed the complaint. Plaintiffs' conclusory statements and minimal factual allegations do not satisfy Rule 9(b)'s requirement that fraud claims be pleaded with particularity. *See Vess*, 317 F.3d at 1106.

Plaintiffs' fraud-based RICO claims do not adequately plead the required elements. *See Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)). Plaintiffs fail to allege that the purported misrepresentations caused their injuries. They also fail to specify with the requisite particularity Defendants' individual roles in the alleged racketeering scheme, *see Lancaster Cmty. Hosp. V. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991), to plead an enterprise theory, or to properly

2

plead the predicate acts of mail or wire fraud.

Plaintiffs' fraud and deceit claims fail to state more than conclusory allegations. The breach-of-contract and breach-of-implied-contract claims fail because Plaintiffs have not adequately alleged all the elements of a valid contract under Montana law. *See* Mont. Code Ann §§ 28-2-102, 28-2-103, 28-3-103.

Because of the defects in the RICO and common-law fraud, deceit, and contract claims, the district court was also correct to dismiss Plaintiffs' claims for unjust enrichment, injunctive relief, an accounting, class status, punitive damages, and damages against Penguin on a theory of principal liability.

Finally, the district court acted within its discretion in dismissing the complaint and denying leave to amend. Plaintiffs have already had multiple opportunities to amend, even after the defects in the pleadings were identified in extensive briefing on motions to amend and dismiss the Third Amended Complaint.

**AFFIRMED.**