**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUNE KRAFT, Relator; et al., | No. 18-55594 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-04479-JFW-SS |
| v. | |
| CALPORTLAND CONSTRUCTION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted April 7, 2020[**]

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Rune Kraft appeals pro se from the district court's judgment dismissing his qui tam action alleging violations of the Federal and California False Claims Acts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

12(b)(6).  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).  We affirm.

Kraft fails to challenge the district court's bases for dismissal, and he has therefore waived any such challenge.  *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant[.]").  We reject as unsupported by the record Kraft's contentions regarding procedural due process violations by the district court.

The district court did not abuse its discretion in rejecting Kraft's February 28, 2018 motion and striking Kraft's April 9, 2018 motion for violating local rules. *See* C.D. Cal. R. 6-1, 7-3, 16-12(c); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (this court gives "[b]road deference" to a district court's application of its local rules).

The district court did not abuse its discretion in dismissing the action with prejudice and without leave to amend because Kraft has not identified any amendment that would create a viable claim.  *See Okwu v. McKim*, 682 F.3d 841, 844, 846 (9th Cir. 2012) (setting forth standard of review and concluding no abuse of discretion if plaintiff failed to identify any amendment that would create a viable claim).

We lack jurisdiction to consider Kraft's challenge to the district court's

2                                                                    18-55594

denial of Kraft's April 27, 2018 motion because Kraft failed to file a new or amended notice of appeal after the district court denied the motion. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Harris v. Mangum*, 863 F.3d 1133, 1137-38 n.1 (9th Cir. 2017).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendants' request for judicial notice (Docket Entry No. 10) and motion to supplement the record (Docket Entry No. 19) are granted.

**AFFIRMED.**

3                                                                                    18-55594