NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCOS GAMA, | No. 19-15700 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-02552-VC |
| v. | |
| BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted June 9, 2020**
San Francisco, California

Before: MILLER and HUNSAKER, Circuit Judges, and SCHILTZ,*** District
Judge.

Marcos Gama is a former employee of Associated Students, Inc., an affiliate

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, sitting by designation.

of San Francisco State University ("SFSU"). Gama filed this lawsuit after SFSU sustained two complaints of sexual harassment against him and banned him from campus, leading Associated Students, Inc. to terminate his employment. Gama now appeals the district court's dismissal of his constitutional claims against defendant Luoluo Hong, SFSU's Title IX Coordinator. Gama asserts procedural-due-process, substantive-due-process, and equal-protection claims against Hong under 42 U.S.C. §1983. We review a dismissal under Rule 12(b)(6) de novo, and we may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058–59 (9th Cir. 2008). We have jurisdiction under 28 U.S.C. §1291.

We agree with the district court that Gama has failed to plead a plausible claim against Hong.

As to Gama's procedural-due-process claim: Even assuming that Gama plausibly alleged that he was deprived of a constitutionally protected liberty interest, *see Souders v. Lucero*, 196 F.3d 1040, 1046 (9th Cir. 1999), nothing in his allegations support a claim that he was deprived of due process, *see Austin v. Univ. of Or.*, 925 F.3d 1133, 1139 (9th Cir. 2019) (the "hallmarks of procedural due process" are "notice and a meaningful opportunity to be heard") (citation omitted).

It does not matter, though, because even if Gama was not afforded due process before being deprived of a constitutionally protected interest, Gama has not pleaded a viable claim for supervisory liability against Hong. *See Starr v.*

*Baca*, 652 F.3d 1202, 1207–08 (9th Cir. 2011) (explaining that a defendant may only be held liable as a supervisor under § 1983 where the defendant was personally involved in the constitutional violation, or where the defendant's wrongful acts are causally connected to the violation). Although Gama has alleged that Hong was aware that the investigation was taking place—and then was informed of the investigator's conclusions—Gama has not alleged that Hong participated in or was even aware of the acts that allegedly violated Gama's right to procedural due process. Specifically, Gama does not allege that Hong was aware of the investigator's allegedly incomplete description of the sexual-harassment complaints or that the investigator did not honor a request from Gama to send the final report to his personal email address instead of his work email address. According to Gama's second amended complaint, Hong was first notified of the alleged constitutional violations in a July 22, 2017 email from Gama—months *after* the alleged constitutional deprivations had already occurred. Gama cannot, on these facts, establish supervisory liability against Hong.

Gama's substantive-due-process claim fares no better. Gama has not plausibly alleged that SFSU interfered with a "fundamental right," nor has he plausibly alleged "conduct that amounts to an abuse of power lacking any reasonable justification in the service of a legitimate governmental objective." *Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 584 F.3d 1232, 1236 (9th Cir.

3

2009) (citation and quotation marks omitted). And even if Gama had plausibly alleged a deprivation of substantive due process, he has not plausibly alleged a basis for holding Hong liable for that violation.

The district court also did not err in dismissing Gama's equal-protection claim. Gama essentially argues that SFSU misunderstood the elements of a hostile-environment claim. Even if that were true, not every misapplication of a statute, regulation, or policy violates the Equal Protection Clause. To plead a viable equal-protection claim, Gama must allege (among other things) that SFSU treated him differently from a similarly situated person. *See Pimentel v. Dreyfus*, 670 F.3d 1096, 1106 (9th Cir. 2012) (per curiam). If the decisionmakers in Gama's case consistently applied their alleged misinterpretation, then Gama would have been treated like everyone else, and he would not have been deprived of equal protection. Gama has not alleged that he was treated differently from any similarly situated person.

Finally, Gama challenges the district court's decision to dismiss his Title IX and §1983 claims with prejudice, instead of giving him another opportunity to try to plead viable claims. But Gama has had multiple opportunities to plead plausible claims and, despite receiving specific instructions from the district court regarding the deficiencies of his pleadings, Gama has failed to do so. The district court's dismissal of Gama's claims with prejudice was not an abuse of discretion. *See*

4

*Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012) ("We review for abuse of discretion a district court's decision to dismiss with prejudice."); *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) (per curiam) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation omitted)).

**AFFIRMED.**