NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUHAILA FARHAT, | No. 19-16607 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-02273-HSG |
| v. | |
| WELLS FARGO BANK, N.A.; CLEAR RECON CORPORATION, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| THOMAS SPIELBAUER, | |
| Real-party-in-interest. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted November 20, 2020**
San Francisco, California

Before: NGUYEN, HURWITZ, and BRESS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Suhaila Farhat appeals the district court's dismissal of this action under Federal Rule of Procedure 12(b)(6). We review a Rule 12(b)(6) dismissal de novo. *Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012). We review the denial of leave to amend for abuse of discretion. *Id.* We affirm.

The parties' loan agreement, which is comprised of a promissory note secured by a deed of trust, provides that it is to be construed under federal law. Under federal law, "the plain language of the contract should be considered first," with "preference given to reasonable interpretations." *Flores v. Am. Seafoods Co.*, 335 F.3d 904, 910 (9th Cir. 2003) (citation omitted).

Farhat's claims center on two provisions of the promissory note. The first is Section 3(E), which provides:

> From time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due. If this occurs, the amount of interest that is not paid each month, called "Deferred Interest," will be added to my Principal and will accrue interest at the same rate as the Principal.

The second is Section 3(F), which states:

> My unpaid principal balance can never exceed 125% of the Principal I originally borrowed, called "Principal Balance Cap." If, as a result of the addition of deferred interest to my unpaid principal balance, the Principal Balance Cap limitation would be exceeded on the date that my monthly payment is due, I will instead pay a new monthly payment. Notwithstanding Sections 3(C) and 3(D) above, I will pay a new monthly payment which is equal to an amount that will be sufficient to repay my then unpaid principal balance in full on the Maturity Date together with interest, in substantially equal payments.

Farhat interprets these provisions to mean that the total amount collectible

2

under the loan agreement is "capped" at 125% of the amount of principal originally borrowed, and that Wells Fargo breached the agreement by attempting to collect an amount in excess of this alleged cap. Farhat obtained a loan in the amount of $750,000 and thus believes that Wells Fargo is prevented from seeking more than $937,500, or 125% of the amount borrowed.

Farhat's interpretation is not correct. The plain language of the note simply obligates Farhat to maintain an unpaid balance below 125% of the amount of principal originally borrowed. It does not limit Wells Fargo's ability to seek repayment of the principal, to charge interest on the principal, or to otherwise collect any other amounts owed. The deed of trust likewise secures a "principal" amount of 125% of the amount originally borrowed but does not limit the total amount that Farhat may owe if she does not make proper payments.

Because each of Farhat's claims is premised on her misreading of the terms of the contract, she has not stated a cognizable claim for relief and dismissal was appropriate. Further, the district court did not abuse its discretion in denying leave to amend because Farhat failed to cure this same deficiency through amendments previously allowed. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009). [1]

**AFFIRMED.**

---

[1] Wells Fargo's request for judicial notice (Docket No. 25) is denied as moot. We have no occasion to reach Wells Fargo's alternative grounds for affirmance.