**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAYODE POWELL, | No.    19-16536 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-04248-TSH |
| v. | |
| WELLS FARGO HOME MORTGAGE; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, as Trustee, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Thomas S. Hixson and Maria-Elana James, Magistrate Judges, Presiding

Submitted May 12, 2021[**]
San Francisco, California

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, and HAWKINS and MILLER, Circuit Judges.

Kayode Powell ("Powell") appeals a judgment issued by the district court in favor of his loan servicer, Wells Fargo Bank, N.A. ("Wells Fargo"), as well as a number of the district court's orders. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of this case, we need not recount them here.

1. We review a district court's grant of summary judgment de novo and may affirm on any ground supported by the record. *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 973 (9th Cir. 2017). Summary judgment is properly granted when there is no genuine issue of material fact; "summary judgment will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The district court properly granted summary judgment to Wells Fargo. Under California law, Wells Fargo did not owe Powell a duty of care in processing his loan modification applications. *See Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 68 (2013) (financial institutions have no "common law duty of care to offer, consider, or approve loan modification, to offer . . . alternatives to foreclosure," or to handle a loan to prevent foreclosure); *Nymark v. Heart Fed.*

2

*Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991) (financial institutions owe no duty of care to borrowers when acting as lenders of money). Even assuming it did, the record evidence does not establish a triable issue of fact as to Wells Fargo's alleged negligence. Because the duty of care issue is not determinative of this case's outcome, we decline to certify the issue to the California Supreme Court. *See* Calif. R. Ct. 8.548(a).

2. We review a district court's ruling on a motion to strike for abuse of discretion. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018). The district court did not abuse its discretion in granting Wells Fargo's Motion to Strike. The district court had previously dismissed "all claims based on challenges to the Assignment and transfer of the Loan." The court only allowed Powell to amend the complaint with respect to his negligence and UCL claims and specifically warned Powell that it was "not grant[ing] Plaintiff leave to amend as to any of the other Defendants or to add any other claims against Wells Fargo" and "w[ould] strike any pleading that does not comply with this Order." The district court correctly determined that the paragraphs stricken were not relevant to Powell's negligence or UCL claims because they made "no reference to contracts or agreements, nor d[id] they address the loan modification process." Thus, it was

not an abuse of discretion for the district court to conclude that the paragraphs fell outside the scope of what Powell was permitted to amend.

3. We review for abuse of discretion a district court's decision to dismiss a complaint or claim with prejudice and without leave to amend. *Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012). The district court did not abuse its discretion in granting summary judgment on the basis of the Fourth Amended Complaint without providing Powell leave to amend. Powell never sought to amend his Fourth Amended Complaint, and "[w]here a party does not ask the district court for leave to amend, 'the request [on appeal] to remand with instructions to permit amendment comes too late.'" *Alaska v. United States*, 201 F.3d 1154, 1163–64 (9th Cir. 2000) (quoting *Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 833 (9th Cir. 1976)).

4. "We review de novo [a] district court's dismissal of a complaint for failure to state a claim" and "review for abuse of discretion a district court's decision to dismiss with prejudice." *Okwu*, 682 F.3d at 844. The district court did not err in dismissing Powell's robo-signing claim with prejudice. Powell's robo-signing claim depended on a provision of the California Homeowner's Bill of Rights ("HBOR"), Cal. Civ. Code § 2924.17. Section 2924.17 does not contain a retroactivity provision, and there are no other indications that the California

4

Legislature intended it apply retroactively; therefore, it does not apply retroactively to allow Powell to bring a claim regarding the allegedly robo-signed documents because they were signed and recorded prior to the HBOR's effective date, January 1, 2013. *See Myers v. Philip Morris Cos., Inc.*, 28 Cal. 4th 828, 841 (2002) ("[U]nless there is an express retroactivity provision, a statute will *not* be applied retroactively unless it is *very clear* from extrinsic sources that the Legislature . . . must have intended a retroactive application." (internal quotation marks and citation omitted)); *see also Saterbak v. JP Morgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 818 (2016) (concluding the HBOR did not apply retroactively to authorize challenge to deed of trust assignment recorded prior to effective date of HBOR).

Powell did not raise in district court his argument regarding notary fraud, nor did he cite Section 8205(b) of California's Government Code in either the First Amended Complaint or in his opposition to Wells Fargo's Motion to Dismiss the First Amended Complaint. This argument is therefore waived. *See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014) (arguments not made in district court are generally waived).

5. We review the denial of a request for a continuance of a summary judgment motion for abuse of discretion. *See Singh v. Am. Honda Fin. Corp.*, 925

F.3d 1053, 1062–63 (9th Cir. 2019). The district court did not abuse its discretion in denying Powell's request to continue summary judgment. The court had granted Powell extensions numerous times earlier in the proceedings, and it expressly stated that it would "not grant any further extensions absent a stipulation between the parties or compelling reasons to do so." Finally, despite numerous opportunities to do so, Powell has not cited any evidence or argument that would defeat summary judgment.

6. We review a district court's resolution of a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) for abuse of discretion. *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019). The district court did not abuse its discretion in denying Powell's motion. Powell's excusable neglect argument is waived because he failed to raise it adequately in district court, and the district court did not abuse its discretion in declining to address it. *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d at 780. Nor did the district court err in declining to revisit its prior ruling that Wells Fargo did not owe Powell a duty of care in processing his loan modification applications.

**AFFIRMED.**