NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTHUR HARRIS,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>NEW REZ, LLC; SHELLPOINT MORTGAGE COMPANY,<br><br>    Defendants-Appellees. | No. 21-16308<br><br>D.C. No.<br>2:21-cv-00636-KJM-CKD<br><br><br>MEMORANDUM[*] |
| ARTHUR HARRIS,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>NEW REZ, LLC; et al.,<br><br>    Defendants-Appellees. | No. 21-16456<br><br>D.C. No.<br>2:20-cv-02340-KJM-CKD |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted September 11, 2023[**]

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

Plaintiff-Appellant Arthur Harris appeals from the district court's dismissal with prejudice of two complaints against Defendants-Appellees New Rez, LLC, Ditech IT LLC, and Shellpoint Mortgage Management Servicing Co. (together, "New Rez"). The district court, adopting the findings and recommendations of a magistrate judge in both cases, ruled that: (1) Harris lacks standing to challenge the assignment of a mortgage loan from non-party Pinnacle Capital Mortgage, LLC (Pinnacle) to New Rez, (2) New Rez could not be liable for seeking to enforce the loan under the Fair Debt Collection Practices Act (FDCPA) because creditors are not debt collectors, (3) the transfer of Harris' loan did not violate his due process rights because Harris did not allege any government action as required to show a constitutional violation, and (4) Harris did not plead facts sufficient to state a claim under his various remaining causes of action. Because the court dismissed each of Harris' federal claims, the court declined to exercise supplemental jurisdiction over his remaining state law claims.

We review de novo—from the beginning—a district court's order granting a motion to dismiss. *Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012). We review the decision to dismiss with prejudice for abuse of discretion. *Id.* We construe

2

Harris' pro se briefs liberally. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). For the reasons stated below, we affirm.[1]

At the heart of all of Harris' claims are the following contentions: In Harris' view, New Rez could not enforce Harris' mortgage loan against him because Harris' original loan agreement was with Pinnacle, Harris did not consent to the assignment of his loan from Pinnacle to New Rez, and Harris made timely payments on the loan. He frames his claims as: (1) a challenge to New Rez' standing to enforce the mortgage (because he did not have a contract with New Rez and did not consent to the transfer); (2) a facial due process claim (because the federal statute requiring notice of a mortgage assignment does not give mortgage debtors the chance to object); (3) a private-action constitutional challenge (because New Rez engaged in the transfer without his consent); (4) an FDCPA claim (because New Rez illegally attempted to collect a debt from him under the guise of a mortgage agreement).

1. First, the district court correctly held that Harris does not have standing to challenge the assignment of his mortgage loan. Under California law, a "borrower can generally raise no objection to assignment of [a] note and deed of trust. A

---

[1] Harris challenges the assignment of his mortgage in two related appeals, Case Nos. 21-16456 and 21-16308. In his opening brief for Case No. 21-16456, Harris requests that the court consolidate his two appeals. As Harris notes, "all of the factual and legal circumstances in both cases are practically the same." Therefore, we grant Harris' request and consolidate these two appeals.

promissory note is a negotiable instrument the lender may sell without notice to the borrower." *Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 850 (Cal. 2016). In other words, Harris cannot challenge the assignment to New Rez because the assignment was an agreement between Pinnacle and New Rez only. Borrowers like Harris *can* challenge the assignment of a mortgage if the assignment itself was illegal in some way, *see id.* at 861, but Harris does not cite to any authority that would make the assignment from Pinnacle to New Rez illegal.

Even assuming Harris did have standing to challenge the assignment of his mortgage loan, Harris cannot win because he legally consented to the assignment when he signed the deed of trust. Specifically, the deed of trust states, "[t]he note or a partial interest in the Note . . . can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity . . . that collects Periodic Payments due under the Note." Harris may not have been aware that he consented to Pinnacle assigning his loan to another creditor, but contract law is clear: "A party who is bound by a contract is bound by all its terms, whether or not the party was aware of them." *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1284 (9th Cir. 2017). The express terms of Harris' mortgage agreement authorized Pinnacle to sell his mortgage to New Rez. Similarly, the agreement empowered New Rez, as the new holder of Harris' promissory note, to enforce its terms against Harris.

4

2. Second, Harris does not successfully state a claim that 12 U.S.C. § 2605, which requires mortgage loan servicers to tell borrowers when their loans are assigned, violates due process. To establish a successful due process challenge to a statute, Harris must show that he has a property interest at stake. *Armstrong v. Reynolds*, 22 F.4th 1058, 1066-67 (9th Cir. 2022). A property interest is defined as "an entitlement to the benefit at issue, conferred through statute, regulation, contract, or established practice." *Id.* As we noted above, borrowers like Harris generally cannot challenge the assignment of their mortgage loans under California law. *Yvanova*, 365 P.3d at 850. This means Harris does not have a property interest because he is not entitled to have any particular person or business hold his mortgage. And Harris identifies no other authority supporting an "entitlement" to prevent his contract from being transferred. *See Armstrong*, 22 F.4th at 1067. Thus, Harris cannot state a due process claim.

3. Third, for the same reason, Harris cannot state a constitutional due process claim against New Rez for accepting assignment of his mortgage loan. He also cannot state a constitutional claim against New Rez for enforcing the loan. A constitutional claim must challenge some sort of government action. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998). As the district court noted and New Rez argues, New Rez "is not a governmental agency, entity, municipality, or the 'State' for purposes of a due process claim." A person or business can violate

the constitution if they are a "state actor" (someone acting on behalf of the government). *See O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023). But Harris does not allege—nor could he—that New Rez was acting on behalf of the state when it received assignment of his mortgage loan from Pinnacle.

4. Fourth, the district court properly ruled that mortgage creditors are not debt collectors under the FDCPA. *See Schlegel v. Wells Fargo Bank*, 720 F.3d 1204, 1208-09 (9th Cir. 2013). Even though there are similarities between collecting a debt and enforcing a mortgage loan, Harris has not successfully alleged that New Rez satisfies the FDCPA's definition of a debt collector—i.e., a person in a "business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed . . . another." 15 U.S.C. § 1692a(6). Harris therefore failed to state a claim under the FDCPA.

5. Fifth, the district court did not abuse its discretion in dismissing Harris' complaints with prejudice (preventing Harris from bringing the same claims again). It is appropriate for a court to dismiss a complaint with prejudice if it would be futile for the plaintiff to amend their complaint. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). The law says that Harris cannot challenge the assignment or enforcement of his loans under the due process clauses of the constitution or the FDCPA. Therefore, Harris cannot fix any of his claims by alleging additional facts.

6

**AFFIRMED.**[2]

---

[2] While Harris asserts many other arguments in his briefs, he does not fully develop them or tie them to evidentiary support, and we deem them abandoned. *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) (argument not coherently developed in briefs deemed abandoned).