**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATHAN SMITH,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>PYROR CASHMAN LLP; et al.,<br><br>　　　　　Defendants-Appellees. | No.　22-56035<br><br>D.C. No.<br>2:22-cv-03765-MWF-KS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted May 1, 2024[**]

Before: FERNANDEZ, SILVERMAN, AND N.R. SMITH, Circuit Judges.
Partial concurrence and partial dissent by Judge SILVERMAN.

Nathan Smith appeals pro se the district court's dismissal of his complaint

for lack of subject matter jurisdiction without leave to amend and with prejudice.

---

[*]　　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Smith also appeals the district court's declaration that Smith was a vexatious litigant. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court properly dismissed Smith's action for lack of subject matter jurisdiction. First, the district court lacked diversity jurisdiction, because Smith, the Law Firm Defendants,[1] and Defendant Gemological Institute of America, Inc. (GIA)[2] are all citizens of California. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest."). Smith's assertion that these Defendants were not parties to the Corrected First Amended Complaint, as corrected by Docket 28, (CFAC), lacks merit. Smith did not formally move to dismiss the Law Firm Defendants and continued to make allegations against them in his CFAC. Smith also added GIA as a Defendant in the CFAC. Although Smith asserts that GIA is a

---

[1] The Law Firms Defendants are each limited liability partnerships with members who are citizens of California. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("A limited liability company is a citizen of every state of which its owners/members are citizens, not the state in which it was formed or does business." (internal quotation marks omitted)).

[2] GIA is incorporated in California. See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business[.]" (emphasis added)).

citizen of New York, the record demonstrates that GIA is incorporated in California.

Second, the district court lacked federal question jurisdiction, because Smith did not allege a substantial federal issue. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086–87 (9th Cir. 2009). To the extent that Smith alleged a claim under the Declaratory Judgment Act, that Act is insufficient to raise a federal claim. *See California v. Texas*, 593 U.S. 659, 672 (2021) ("The Declaratory Judgment Act, 28 U.S.C. § 2201, alone does not provide a court with jurisdiction.").

2.      The district court did not abuse its discretion by declaring Smith a vexatious litigant and entering a pre-filing review order against him. *See Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). The district court provided Smith notice and an opportunity to oppose the order, compiled an adequate record for appellate review, made substantive findings of frivolousness or harassment, and tailored the amended order narrowly.[3] *See id.* at 1062–67.

---

[3] Appellees' motion for judicial notice (Dkt. 22) and Smith's second motion for judicial notice (Dkt. 30) are granted. Smith's first motion for judicial notice (Dkt. 29) is denied.

3.      The district court did not abuse its discretion in dismissing Smith's action with prejudice and without leave to amend. *See Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012) ("We review for abuse of discretion a district court's decision to dismiss with prejudice."). Even though the district court dismissed the action for lack of subject matter jurisdiction, the district court did not abuse its discretion in dismissing the case with prejudice, because the district court effectively considered whether Smith could allege facts to support a claim of alleged breach of settlement agreements when it assessed whether Smith qualified as a vexatious litigant. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). Notably, the district court found and the record supports the conclusion that Defendants did not enter into any agreements to settle any of Smith's claims. Smith has not established that the district court's findings are clearly erroneous, nor has he argued that there is additional evidence that he could present that would support his claims.

4.      The district court did not err in dismissing Smith's action and declining to address Smith's outstanding motions and requests. The district court lacked subject matter jurisdiction to address Smith's action. None of the requests for judicial notice or motions pending before the district court would have altered the district court's jurisdiction.

4

**AFFIRMED.**

<u>Smith v. Pryor Cashman</u>, LLP, No. 22-56035

SILVERMAN, Circuit Judge, concurring in part and dissenting in part:

As our precedents uniformly hold, when a court lacks subject matter jurisdiction, as the district court correctly determined it did here, it must dismiss the case without prejudice. See e.g., *Missouri ex rel. Koster v. Harris*, 847 F.3d 646 (9th Cir 2017). It is precisely because the court lacks subject matter jurisdiction that it has no authority to render a decision on the merits, which is what a dismissal with prejudice is. Rule 41(b), Federal Rules of Civil Procedure.

Although I would affirm the district court's dismissal of the case for lack of subject matter jurisdiction, I would remand to the district court with instructions to dismiss the action without prejudice.