NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HEALTHCARE ALLY MANAGEMENT OF CALIFORNIA, LLC,

Plaintiff - Appellant,

v.

UNITED HEALTHCARE SERVICES, INC.,

Defendant - Appellee.

No. 24-5178

D.C. No.
2:23-cv-10732-DSF-PD

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted December 2, 2025**
Pasadena, California

Before: CALLAHAN, OWENS, and KOH, Circuit Judges.

Healthcare Ally Management of California, LLC ("HAMOC") appeals the

district court's dismissal with prejudice of HAMOC's Second Amended Complaint

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("SAC"), which raised state law claims of negligent misrepresentation and promissory estoppel against United Healthcare Services, Inc. ("United"). The district court held that the state law claims are preempted under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's dismissal under Rule 12(b)(6) and may affirm on any basis supported by the record. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686 (9th Cir. 2007). ERISA preemption is a conclusion of law that we review de novo. *Greany v. W. Farm Bureau Life Ins. Co.*, 973 F.2d 812, 816 (9th Cir. 1992). We review a district court's findings regarding whether a benefit is provided pursuant to an ERISA plan for clear error. *Id.* We review a district court's decision to dismiss with prejudice for abuse of discretion. *Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012).

Here, HAMOC's state law theory of liability sought to bind United, an ERISA plan administrator, to representations United allegedly made during a phone call that United would reimburse an out-of-network medical provider based on the "usual, customary, and reasonable" ("UCR") rate, rather than the lower Medicare rate.

1.      The district court properly dismissed HAMOC's SAC because, under our precedent in *Bristol SL Holdings, Inc. v. Cigna Health & Life Insurance Co.*, 103 F.4th 597 (9th Cir. 2024), HAMOC's state law claims against United for

negligent misrepresentation and promissory estoppel are preempted by ERISA.

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). This preemption provision "extends to state common law causes of action." *Bristol*, 103 F.4th at 602. The U.S. Supreme Court has identified "'two categories' of state-law claims that 'relate to' an ERISA plan—claims that have a 'reference to' an ERISA plan, and claims that have 'an impermissible "connection with"' an ERISA plan." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 665 (9th Cir. 2019) (quoting *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 319, 320 (2016)).

Under *Bristol*, HAMOC's state law claims fall into both categories. First, HAMOC's state law claims have an impermissible "reference to" an ERISA plan. A state law claim has a "reference to" an ERISA plan if the claim "'is premised on the existence of an ERISA plan' or if 'the existence of the plan is essential to the claim's survival.'" *Bristol*, 103 F.4th at 602 (quoting *Depot*, 915 F.3d at 665). Here, the record supports the district court's finding that it was "undisputed that there was, at the time of service, an operative ERISA plan and that plan provided coverage for the services provided." Thus, just like the plaintiff in *Bristol*, HAMOC sought to "secure plan-covered payments discussed via phone through the alternative means of" state law claims. *Id.* at 603. This triggers ERISA preemption.

Second, HAMOC's state law claims have an impermissible "connection with"

an ERISA plan. A state law claim has an impermissible "connection with" an ERISA plan if the claim "governs a central matter of plan administration or interferes with nationally uniform plan administration, or if it bears on an ERISA-regulated relationship." *Id.* at 604 (quoting *Depot*, 915 F.3d at 666). In *Bristol*, we explained that the plaintiff's theory of state law liability would "unduly intrude on a 'central matter of plan administration.'" *Id.* This was because binding ERISA plan administrators to representations made during insurance verification calls could "strip[] them of their ability to enforce plan terms that cannot be applied prior to treatment, whether related to fee-forgiving or otherwise." *Id.* at 605. "The resulting [c]atch-22," in which ERISA plan administrators would have to choose between their plan terms or their preauthorization programs, "is the kind of intrusion on plan administration that ERISA's preemption provision seeks to prevent." *Id.*

We also explained in *Bristol* that allowing liability on state law claims would "impermissibly 'interfere[] with a nationally uniform plan administration'" because benefits would become governed by "innumerable phone calls and their variable treatment under state law," rather than "by ERISA and the plan terms." *Id.* (quoting *Depot*, 915 F.3d at 666) (alternation in original). *Bristol*'s reasoning applies here, where HAMOC seeks to bind United to making payments based on UCR rates, rather than lower Medicare rates, because of representations United allegedly made during a phone call. Accordingly, HAMOC's state law claims are preempted by

24-5178

ERISA, and the district court properly dismissed HAMOC's SAC.

2.    The district court did not abuse its discretion when it dismissed HAMOC's SAC with prejudice. *See Okwu*, 682 F.3d at 944. HAMOC contends that the district court should have granted it leave to amend, but the district court *did* grant leave to amend to provide HAMOC with a fourth opportunity to plead a proper claim. HAMOC chose to forgo filing an amended complaint. Instead, HAMOC filed a motion to ask the district court to enter final judgment. The district court therefore did not abuse its discretion when it dismissed HAMOC's SAC with prejudice.

**AFFIRMED.**